# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2799-WJM-NYW

CHRISTOPHER BELL,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

_____

# ORDER
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant's Motion for Entry of a Protective Order [#29, filed March 7, 2016], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated January 27, 2016 [#21], and the Memorandum dated March 8, 2016 [#30]. The court has reviewed the Parties' respective briefing [#29, #31, #33] and proposed protective orders [#29-1, #31-1], the entire court file, and the applicable case law. For the reasons set forth herein, this court respectfully GRANTS IN PART and DENIES IN PART Defendant's Motion for Entry of a Protective Order.

## APPLICABLE LEGAL STANDARDS

**I.**    **Discovery Under Fed. R. Civ. P. 26**

    The Federal Rules of Civil Procedure allow for discovery of relevant information in an action, but it is axiomatic that the determination of whether information is discoverable must be assessed by the parties and a court on a case-by-case basis. Fed. R. Civ. P. 26(b)(1). Indeed, the

amendments to Rule 26(b)(1) make clear that parties must pursue and this court must administer the discovery rules in a manner that is proportional to the needs of a case, which can only be assessed based on the particular issues and facts presented by a specific case. Therefore, it logically follows that this court is not in a position to determine whether a particular document will be relevant, proportional, and therefore, discoverable in a separate, undefined matter. It is also well-settled that discovery in one matter is not intended to afford a party an opportunity to seek information for an unasserted claim, or a yet-to-be filed case. *See e.g., Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing). Nor is it intended to afford any party documents to be used outside the instant litigation. *See Seattle Times Co. v. Rhinhart*, 467 U.S. 20, 34 (1984) (observing that liberal discovery is provided for the sole purpose of assisting and preparing for the preparation and trial, or the settlement, of litigated disputes).[1]

## II.   Rule 26(c) Protective Orders

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). As part of the exercise

---

[1] As noted by the Honorable Boyd N. Boland in the *Gillard* case discussed below, the *Seattle Times* case concerned the Washington state rules of procedure, which were substantially the same as the Federal Rules of Civil Procedure. Consistent with Judge Boland's holding in *Gillard*, I cite *Seattle Times* because it is equally persuasive in this case, particularly in its discussion of appropriate restraints placed on discovered, but not yet admitted, information. *See Seattle Times*, 467 U.S. at 33.

of its discretion, the court may specify the terms for disclosure. Fed. R. Civ. P. 26(c)(1)(B). While a protective order may be appropriate where a trade secret or other confidential information is at issue, the existence of a trade secret is not required. Instead, the good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise. *See Rohrbough*, 549 F.3d at 1321. Judge Boland cogently explained that there are at least three kinds of protective orders that courts have utilized to limit discovery or the dissemination of information: (1) particular protective orders; (2) blanket protective orders; or (3) umbrella protective orders. *See Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 385-86 (D. Colo. 2000).

### III.    Motions to Restrict

The entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is not equivalent to an Order to Restrict any designated documents or information from public access. As recognized by Local Rule 7.2 and the Tenth Circuit's case law, designation under a Protective Order is, in and of itself, insufficient to justify restriction. *See* D.C.COLO.LCivR 7.2(c); *see also Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012); *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *6 (D. Colo. July 16, 2012) (holding that "the mere fact that a party has designated a document as confidential is insufficient to justify restricted access"). In addition, the Tenth Circuit has been clear that parties—and courts—should not reflexively restrict documents upon which the parties (and as a result the courts) rely upon to seek or afford relief. *See Lucero*, 495 F. App'x at 913. Indeed, restricting the public's access to court documents is appropriate in only the rarest of circumstances. *See Rocky Mountain Mortg. Specialists, Inc. v. First Am. Real Estate Info. Servs., Inc.*, No. 07-cv-00815-MSK-MEH, 2008 WL 4293316 (D. Colo. Sept. 16, 2008).

## ANALYSIS

Against this backdrop, this court considers Liberty Mutual's Motion for Protective Order, and Plaintiff's articulated objections thereto. Neither Liberty Mutual nor Plaintiff submitted an exemplar of the policies and procedures that Defendant intends to designate as "CONFIDENTIAL INFORMATION" under the protective order; therefore, there is no independent manner by which the court can determine whether such information, in fact, constitutes a trade secret. Respectfully, the Affidavit of Brian T. Fening is insufficient to establish that Defendant's claims handling procedures constitute trade secrets under the applicable law.

A party has no right to demand unrestricted disclosure of information obtained through discovery. *See Gillard*, 196 F.R.D. at 387. The court acknowledges that some documents and information may constitute confidential information without arising to the level of a "trade secret." As Defendant notes, Plaintiff is amenable to a protective order to prevent disclosure of information to Liberty Mutual's competitors, but seeks a "sharing provision," allowing Plaintiff's counsel to share discovery from this case with counsel for unrelated plaintiffs, in unrelated litigation, so long as Liberty Mutual is a defendant. [#31 at 3-4]. This court declines to supplant any future court's consideration of whether discovery is proper under Rule 26(b)(1) (or other applicable state rule of civil procedure) with its own judgment that is more properly applied to the fact presented in this case.

This court has considered Plaintiff's counsel's argument that the restriction proposed by Defendant would unreasonably multiply costs or restrict access to such documents in the future, and ultimately concludes that this concern is inapposite. Unlike *Ward v. Ford Motor Co.*, 93 F.R.D. 579 (D. Colo. 1983), there is no defined "discovery information group" in the present

circumstances in which a group of attorneys is litigating essentially the same liability issues against a single large manufacturer capable of coordinating its defenses nationwide. *Id.* at 579. There are also not counterclaims Defendants are asserting against a large group of litigants in which Mr. Bell belongs that would warrant the sharing of discovery. Instead, this is an insurance coverage case that is specific to the treatment of Mr. Bell's claim by Liberty Mutual.

To be clear, this court is not ruling that information designated under a protective order in this case is entitled to restriction from the court's docket going forward. In fact, the protective order that will be entered specifically provides that any restriction from the court's publicly-available docket must result from an appropriately supported motion to restrict. Nor is the court ruling that if the documents designated as confidential under the protective order are available from a legitimate source other than discovery in this matter, Plaintiffs' counsel are somehow still limited in their use. Rather, this court simply concludes that documents designated, after a good faith review and certification by counsel of record pursuant to their obligations under Rule 26(g) of the Federal Rules of Civil Procedure, as confidential, proprietary, or trade secret in this case under an appropriate protective order, should be limited in their use to this action. Any party seeking restriction of information or a document from the court docket must comply with and satisfy the Federal Rules of Civil Procedure, D.C.COLO.LCivR 7.2, and the applicable case law regarding restricting court documents from public accessibility.

Finally, this court has considered the concerns raised by Plaintiff's counsel regarding the maintenance of information after the conclusion of a case for professional liability or ethical obligations. Maintenance by outside counsel of one preservation copy, and copies of work product or client communications that incorporate such CONFIDENTIAL INFORMATION, as defined in the protective order, will be permitted to address these concerns. However, these

5

preservations copies may only be used for purposes of a litigation arising from representation of a party in this case, or by future court order.

## CONCLUSION

Therefore, for the foregoing reasons, **IT IS ORDERED** that:

(1)     Defendant's Motion for Protective Order [#29] is **GRANTED IN PART** and **DENIED IN PART**; and

(2)     The attached Protective Order will be **ENTERED** to address the respective concerns of the Parties.

DATED:  March 28, 2016                              BY THE COURT:

                                                                      s/ Nina Y. Wang
                                                                      United States Magistrate Judge