**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-cv-2799-WJM-NYW

CHRISTOPHER BELL,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant's Motion for Entry of a Protective Order [#29, filed March 7, 2016].  The Parties represent that discovery in this civil action may require the disclosure of confidential documents and/or information that is not regularly disclosed in the ordinary course of business or is subject to confidentiality restrictions upon disclosure.  This court finds good cause to enter a Protective Order to facilitate discovery in this matter, and after weighing the interests of the Parties, finds the following terms will apply:

**I.**    **Confidential Information**.

    (a)    As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean proprietary information, documents, or things that either party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION, after review by and certification of counsel of record, pursuant to Sections 1(b) to (c) below.

(b)     A party may designate any proprietary documents produced in response to interrogatories or requests or production of documents as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Protective Order.

(c)     Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not, in and of itself, be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Protective Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(d)     CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i)     the attorneys for the Recipient Party in this litigation and paralegals and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii)   officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii)   court reporters, court officials, and the jury involved in this litigation;

(iv)   experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Protective Order; and

(v)   any other non-party witnesses or deponents who have executed a Confidentiality Agreement (attached herewith as Exhibit A), in conformity with this Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

(vi)   CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation, except as ordered by a court or tribunal of competent jurisdiction.  To the extent that any receiving party intends to use CONFIDENTIAL INFORMATION in a subsequent proceeding arising from the representation of parties associated with this litigation, the receiving party will notify the disclosing party with at least five (5) days notice so that the receiving party may attempt to preclude disclosure, at its own cost, if appropriate.  Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents.

(vii)   CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless a party disclosing such information determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.  CONFIDENTIAL INFORMATION shall be securely maintained by any receiving party, and the recipient shall exercise due and proper care with respect to the storage, custody,

access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(e) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

(f) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(e) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Protective Order, unless the Court rules otherwise.

II.     No Waiver.

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not, in an of itself, constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

III.    Use in Depositions.

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or

(b) the witness executes a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Protective Order. If the witness declines to execute the Confidentiality

Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness. This section does not apply to any officer, director, shareholder, employee or agent of Defendant.

IV.     Use in Briefs and as Exhibits

Nothing in this Protective Order may be interpreted as an order to restrict any document or information. Any request to restrict access must comply with the Federal Rules of Civil Procedure and the Local Rule of Civil Practice

V.      Application of the Protective Order.

(a)     This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

(b)     Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

VI.     Confidentiality Challenge.

Any party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party seeking the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

VII.    Confidential Information at Trial.

The parties to this Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, shall be determined in the future, by the presiding judge. Nothing in this Order should be construed as any Order with respect to whether documents and/or information designated as CONFIDENTIAL INFORMATION is entitled to any type of restriction or special procedures.

VIII.   Modification.

This Protective Order may be modified only by Order of the Court.

IX.    Return or Destruction of Confidential Information.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy CONFIDENTIAL INFORMATION the parties produced during the case, and copies of such CONFIDENTIAL INFORMATION. Notwithstanding this provision, outside counsel for the receiving party may maintain one preservation copy of CONFIDENTIAL INFORMATION to the extent necessary for professional liability or ethical obligations, and may maintain

CONFIDENTIAL INFORMATION insofar as such CONFIDENTIAL INFORMATION is reflected in filings, attorney work product and privileged information.  Such material must be maintained confidentially consistent with the provisions of this Protective Order, until and unless such material is publicly disclosed through no breach by a party or with written stipulation of the Parties.

DATED:  March 28, 2016                    BY THE COURT:

                                                    s/ Nina Y. Wang
                                                  United States Magistrate Judge